Filed 8/29/23  P. v. Gonzalez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049335, H049364 |
| Plaintiff and Respondent, | (Santa Clara County |
| | Super. Ct. Nos. C1504229, C1359980) |
| v. | |
| RUDY ANTHONY GONZALEZ, | |
| Defendant and Appellant. | |

This appeal presents a question being considered by the California Supreme Court: does a commitment for treatment of incompetency end when the treating facility files a certification of restoration to competency or when a trial court finds competence has been restored?  Two years ago, in *Rodriguez v. Superior Court* (2021) 70 Cal.App.5th 628 (*Rodriguez*), a panel of this court decided that commitment for treatment of incompetency ends when a certification of restoration is filed.  The Supreme Court granted review of *Rodriguez*, which expressly declined to adopt the reasoning of a decision from Division Three of the First Appellate District, *People v. Carr* (2021) 59 Cal.App.5th 1136 (*Carr*), but declined to depublish *Rodriguez*, leaving the decision citable for its persuasive value.  (*Rodriguez v. Superior Court*, review granted January 5, 2022, S272129.)

In this appeal, defendant Rudy Anthony Gonzalez challenges a trial order that, consistent with *Rodriguez*, calculated the maximum period of commitment for treatment

of incompetency based on the filing of certifications of restoration of competency. Finding the reasoning in *Rodriguez* persuasive, we affirm the order of commitment.

## I.  Background

### A.  *The Charged Offenses*

On June 27, 2013, in Case No. C1359980 the Santa Clara County District Attorney filed a criminal complaint charging Gonzalez with, among other things, burglary and rape.  Nearly two years later, in February 2015, the District Attorney filed another complaint in Case No. C1504229, charging Gonzalez with resisting an officer. The charges in these complaints were repeated in informations filed in September 2016. In both cases, Gonzalez pleaded not guilty and not guilty by reason of insanity.

### B.  *The Competency Proceedings*

In July 2013, pursuant to Penal Code section 1368,[1] defense counsel declared a doubt concerning Gonzalez's competency to stand trial.  On December 18, 2013, after suspending proceedings and finding Gonzalez incompetent to stand trial, the trial court committed him to the Department of State Hospitals (DSH) for treatment to restore his competency to stand trial.  On August 18, 2014, the DSH filed a certification that Gonzalez had been restored to competency.  Nearly two years later, on June 9, 2016, the trial court found Gonzalez competent to stand trial and reinstated criminal proceedings.

In November 2017, defense counsel again declared a doubt concerning Gonzalez's competency to stand trial.  On July 5, 2018, after once again suspending proceedings and finding Gonzalez incompetent to stand trial, the trial court recommitted Gonzalez to DSH for treatment to restore his competency.  On August 26, 2019, DSH filed a certification that Gonzalez had again been restored to competency. Nineteen months later, on April 4, 2021, the court found Gonzalez again restored to competency and reinstated the criminal proceedings.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

C. *The Motion for Release or Conservatorship Evaluation*

On March 1, 2021, after the second competency certification was filed but before the trial court again found Gonzalez competent to stand trial, defense counsel moved under section 1370, subdivision (c)(1), to release Gonzalez and/or evaluate him for a conservatorship under the provisions of the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.). Contending that Gonzalez's commitments ended when the trial court subsequently found him competent to stand trial, counsel argued that Gonzalez's commitments for restoration treatment had exceeded three years, the relevant statutory maximum. The prosecution opposed, arguing that the commitments ended when DSH filed certifications of competency and therefore had not yet reached three years.

On March 9, 2021, after conducting a hearing, the trial court denied the motion, reasoning that DSH's certifications of competency ended Gonzalez's periods of commitment for restoration of competency.

D. *Trial Court's Order of Commitment and Notices of Appeal*

After his motion was denied, and the trial court again ruled him competent to stand trial, Gonzalez withdrew his not guilty pleas, and the parties stipulated to a disposition of not guilty by reason of insanity. The court accepted the withdrawal of Gonzalez's pleas, found Gonzalez was not sane at the time of the offenses, and on June 8, 2021 entered an order committing Gonzalez to the DSH for the maximum term, up to life.

On July 26, 2021 Gonzalez filed timely notices of appeal. (§ 1237, subd. (a) [authorizing appeals from commitment orders].)

## II. Discussion

Criminal defendants may be tried only if they are competent to understand the nature of the charges and proceedings against them and to rationally assist in their

3

defense.  (§ 1367, subd. (a).)  A defendant who is not competent to do so "may be involuntarily committed for the purpose of assessing whether he or she is likely to gain competence and, if so, for treatment to that end."  (*Jackson v. Superior Court* (2017) 4 Cal.5th 96, 100-101.)  The Legislature, however, has limited the length of time during which a defendant may be committed in order to restore competence, and if a defendant does not regain competency within that time, courts must either release the defendant or, if the defendant is gravely disabled, commence conservatorship proceedings.  (*Id.* at p. 101.)

Gonzalez contends that this period—which, although reduced to two years in January 2019 (see Stats. 2018, ch. 1008, § 2), the parties agreed was three years at the times relevant here (former § 1370, subd. (c)(1))—was exceeded.  Consistent with the decision in *Carr*, Gonzalez includes within his commitment period the time between DSH's certifications of competency and the trial court's determinations of competency years later, and therefore he calculates his aggregate commitment period to be 1,875 days (5.13 years) in Case No. 1359980 and 1,444 days (3.95 years) in Case No. 1504229.  By contrast, consistent with this court's decision in *Rodriguez*, the People contend that the commitment periods ended when DSH filed certifications of competency and therefore the relevant periods are only 660 days (1.8 years) in Case No. 1359980 and 417 days (1.14 years) in Case No. 1504229.

We see no reason to depart from the Court's decision in *Rodriguez*, which is well-reasoned and persuasive.  The Penal Code does not indicate how to determine the period of commitment: during the relevant period, it merely provided that a defendant who has not recovered competency should be returned to the committing court at "the end of three years from the date of commitment"—or, if shorter, the longest prison term possible for the most serious charge—without specifying when that "end" occurs.  (Former § 1370, subd. (c)(1).)  *Rodriguez*, however, reasoned that commitment under section 1370 ends

4

upon issuance of the certification of restoration because, among other things, the Penal Code requires that the defendant "be returned to the committing court no later than 10 days following the filing of the certificate of restoration" (§ 1372, subd. (a)(3)(C)), and there is "[no] mechanism for [providing] treatment to alleviate incompetence after the certification is filed." (*Rodriguez*, *supra*, 70 Cal.App.5th at p. 653.) As a consequence, defendants generally do not receive any treatment to restore competency after a certification of competency is filed, and even though they may not yet have been found competent, they should not be treated under section 1370 as if they were committed to a treatment facility for the purpose of restoring competence. (*Rodriguez*, at pp. 654-655.)

Accordingly, we conclude that the trial court correctly found that Gonzalez's commitments for treatment to restore competency did not exceed the time period permitted by section 1370 and that the court properly denied Gonzalez's motion for release or evaluation for a conservatorship.

### III. Disposition

The order of commitment is affirmed.

_____

BROMBERG, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

LIE, J.

*People v. Gonzalez*

H049335, H049364